UNITED STATES DISTRICT COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JORGE M. LOPEZTEGUI**, <br><br> Petitioner, <br><br> vs. <br><br> **J.A. TERRIS**, <br><br> Respondent, | 18-CV-12453-TGB <br><br> **ORDER** |

## ORDER DENYING PETITIONER'S MOTION TO RECONSIDER AND MOTION TO STAY NOTICE OF APPEAL

Petitioner Jorge M. Lopeztegui, proceeding *pro se*, filed a petition for writ of habeas corpus on July 26, 2018. ECF No. 1. On November 30, 2018, this Court dismissed the petition because Petitioner did not show that the remedy under 28 U.S.C. § 2255 was inadequate or ineffective to challenge his conviction or sentence pursuant to § 2255's savings clause. ECF No. 4.

Petitioner now seeks reconsideration of the Court's decision under Federal Rule of Civil Procedure 59(e). Under Rule 59(e), a court may alter or amend a judgment only if there was: "(1) a clear error of law; (2) newly

discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Michigan Flyer, LLC v. Wayne County Airport Authority,* 860 F.3d 425, 431 (6th Cir. 2017), citing *Leisure Caviar, LLC v. U.S. Fish and Wildlife Service,* 616 F.3d 612, 616 (6th Cir. 2010). A litigant may not use a Rule 59(e) motion to reargue the merits of his case or restate arguments already presented. *See Michigan Flyer,* 860 F.3d at 431, citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Petitioner argues that the Court made a clear error of law when the Court overlooked his argument that he is actually innocent of the career offender enhancement. The Court did not overlook this argument. Instead, the Court held that Petitioner's actual innocence claim did not fall within § 2255(e)'s savings clause. Section 2255's savings clause permits a prisoner to challenge the imposition of his sentence under § 2241 if the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016). A petitioner may challenge a sentencing enhancement under § 2241 only where the petitioner can show "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in

the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Id.* at 595.

Before filing a § 2241 petition in this Court, Petitioner sought permission to file a successive § 2255 petition in the Seventh Circuit Court of Appeals on the ground that he is actually innocent of the career criminal sentencing enhancement. The Court of Appeals denied authorization because Petitioner could have, but did not, raise this claim on direct review. *Lopeztegui v. United States,* No. 18-2477 at 2 (7th Cir. July 13, 2018). The law is clear that the denial of permission to file a second or successive § 2255 petition does not render § 2255 inadequate or ineffective. *See Lane v. Terris*, No. 18-1520, 2018 WL 5819478, *2 (6th Cir. Oct. 11, 2018). Petitioner did not meet the requirements set forth in *Hill* for challenging his sentence in a § 2241 petition. His argument that he is actually innocent of the sentencing enhancement does not change this analysis. The motion for relief under Rule 59(e) will be denied.

On the same date he filed the Rule 59(e) motion, Petitioner also filed a Motion to Stay Notice of Appeal (ECF No. 9) seeking a stay of his notice of appeal pending resolution of the Rule 59(e) motion. The timely

filing of a notice of appeal generally divests the district court of jurisdiction, but it has no effect when filed simultaneously with a Rule 59(e) motion. *See Forrest v. Reynolds,* No. 90-5283, 1990 WL 106821, *1 (6th Cir. 1990). A stay pending resolution of the Rule 59(e) motion is, therefore, unnecessary.

Based on the foregoing, Petitioner's Motion to Reconsider Pursuant to Rule 59(e), ECF No. 6, and Motion to Stay Notice of Appeal, ECF No. 8, are **DENIED**.

**SO ORDERED.**

DATED May 10, 2019.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, May 10, 2019, by electronic and/or ordinary mail.

S/A. Chubb
Case Manager and Deputy Clerk